## Hill's Executor, et al. v. Young, et al.

(Decided January 21, 1914.)

### Appeal from Daviess Circuit Court.

1. Evidence—Section 606, Sub-section 2, Civil Code.—Under section 606, sub-section 2, of the Civil Code of Practice, no person can testify for himself concerning any conversation with a person who is dead.

2. Husband and Wife—Weissinger Act—Control by Wife of her Own Property.—The Weissinger Act (Kentucky Statutes, section 2127), takes from the husband his common law right to use and control his wife's real estate; while section 2128 of the Kentucky Statutes gives her the absolute control of her property as if she were a single woman.

3. Husband and Wife—Weissinger Act—Separate Estate of Wife.—Under the Weissinger Act (Kentucky Statutes, sections 2127 and 2128), the burden is no longer upon the wife to show affirmatively that her personal property is her separate estate; nor is the burden upon her to show from whence it is derived.

4. Husband and Wife—What Will Be Treated as Joint Property of Both.—Where a husband and wife owned a farm and other real property jointly, and conducted the farm and managed their property jointly, depositing the surplus money thus earned in bank, sometimes to her credit, sometimes to his credit, and sometimes to their joint credit, each taking an equally active part in the management of the joint estate, and the husband died only a few months before the wife's death, money deposited by her in bank to her credit about two weeks before his death, and money found in her possession after her death, will be treated as the joint property of both, in the absence of proof showing from what source it was derived.

J. J. SWEENEY, W. E. AUD and F. A. ROBY for appellants.

LITTLE & SLACK and BIRKHEAD & WILSON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

J. S. Hill and Mary E. Hill his wife, jointly owned a farm of 100 acres in Daviess County, the survivor of them to take the fee. Mrs. Hill inherited an undivided one-third interest in two town lots in Owensboro; and Mr. Hill having purchased the remaining undivided two-thirds interest in the lots, he and his wife jointly conveyed the two lots to a trustee, who, in turn, reconveyed them to J. S. and Mary E. Hill, and to the survivor of them. They erected two dwelling houses upon the lots;

they, however, lived upon the farm, which they culti-
vated.

Mr. Hill's mind having failed, he was in April, 1911,
adjudged a person of unsound mind and committed to
the Western Kentucky Lunatic Asylum at Hopkinsville,
where he died intestate on April 25th, 1911. His wife
qualified as his administratrix.

A few months before his death Mrs. Hill, at her hus-
band's direction, sold the stock and farming utensils
upon the farm, because his health had become so. im-
paired as to render him unable to conduct the farm.
After Mr. Hill's death Mrs. Hill went to live with her
niece, Mrs. May, who lived in the neighborhood. On Oc-
tober 10th, 1911, Mrs. Hill died testate, and the appel-
lant, the Central Trust Company, qualified as her
executor.

On April 11th, 1911, Mrs. Hill had deposited $550.00
to her own credit in the United States National Bank of
Owensboro; and at the time of her death she had in her
possession $2,010.00 in cash, which she had wrapped in
a wallet and left between the mattresses of her bed. This
was turned over to her executor by Mr. May.

Upon a settlement of the estates of Mr. and Mrs. Hill,
the personal representative of each claimed the $550.00
and the $2,010.00; and the chancellor having adjudged
that both sums belonged to the estate of Mr. Hill, Mrs.
Hill's executor prosecutes this appeal.

No other questions are presented for revision.

The master commissioner found both sums belonged
to Mr. and Mrs. Hill jointly, but in this he was overruled
by the chancellor.

The evidence shows, without contradiction, that for
sometime previous to the husband's death, Mrs. Hill
had attended to the financial affairs of the couple. Both
were quite frugal and industrious, but Mr. Hill's fail-
ing health had imposed upon his wife the duty of man-
aging the family affairs. They had no children. What-
ever money he collected he turned over to her, and one
of them usually put the surplus in bank upon interest,
taking a certificate therefor. sometimes to him, some-
times to them jointly.

Considerable testimony relating to conversations of
J. S. Hill with several of the parties in interest, has
crept into the record. All testimony of this character,

however, is clearly incompetent under subsection 2 of section 606 of the Code, and must be disregarded.

On the absence of direct proof upon the subject, the question of the ownership of these two sums of money must be determined largely upon the presumptions arising from the situation in which the money was found when taken in consideration with the way in which Mr. and Mrs. Hill worked and lived.

As before stated, the $550.00 was deposited by Mrs. Hill on April 11th, 1911, about two weeks before Mr. Hill's death. There is no evidence showing from what source Mrs. Hill received this money; and the statements of the various banks with which they did business, and which were read as depositions in this case, do not indicate that she had drawn this sum from any bank for the purpose of making this deposit in the United States National Bank. Having been deposited before Mr. Hill's death, the presumption arises that it was made and collected in the usual way from the sale of the joint produce of the farm and the rents from the town houses.

The evidence with regard to the $2,010.00 in cash is even less satisfactory and complete, since there is no testimony showing from what source it was received, and it was never deposited during the lifetime of either Mr. or Mrs. Hill, but was in her possession at the time of her death. Nor is there any evidence from which we would be justified in concluding that she received this money from any source subsequent to the death of her husband.

Appellant contends that under the present law governing the rights of married women, the $2,010.00 in the possession of Mrs. Hill at the time of her death, as well as the $550.00 deposited to her credit in bank, are *prima facie* her property, and that the burden is upon the appellees to show that any part thereof belonged to J. S. Hill's estate; while on the other hand, appellees contend that in view of the way in which Mr. and Mrs. Hill conducted their business, as above set forth, and of the further fact, which they claim to be true, that the money in question is shown to have been in Mr. Hill's home at the time he was taken to the asylum, and at the time of his death, and that Mrs. Hill had no source of income other than from her husband's estate, it was his property, and that her possession thereof was as the administratrix of his estate, and not individually.

It must not be forgotten, however, that section 2127 of the Kentucky Statutes takes from the husband his common law right to use and control his wife's real estate, and expressly provides that the husband, during the life of the wife, shall have no estate or interest in the wife's property, real or personal, and that during the existence of the marriage relation the wife shall hold and own all of her estate, to her separate and exclusive use; while section 2128 of the statutes gives her the absolute control of her property as if she were a single woman. Under this statute, the burden is no longer upon the wife to show affirmatively that her personal property is her separate estate; nor is the burden upon her to show from whence it is derived.

In Guthrie v. Hill, 138 Ky., 181, we pointed out that before the passage of the statute, supra, the presumption was that the husband was entitled to the money which his wife might be in possession of during coverture, unless it was shown that she held the property as her separate estate. The burden was upon her to allege and establish that fact; but since the passage of the statute, no such presumption arises, since by the express provision of that Act a married woman now owns and holds all her estate, to her separate and exclusive use, and free from the debts and control of her husband. Under this Act the wife has the same right to own property and make money as her husband. See, also, Johnson v. Johnson's Admx., 134 Ky., 263.

In the case at bar, the farm and the two town houses and lots, belonged to Mr. and Mrs. Hill equally; she was entitled to as much of the proceeds thereof as he; and from the proof of her stronger mental qualities and equally productive activities, there is no reason to raise a presumption in his favor against her in the division of their personal property. Under the proof of this case they stand equal before the law.

Bearing in mind the present law; the joint ownership of all the real estate; the equally productive acivities of both husband and wife; and the further fact that she died so soon after the death of Mr. Hill as to make no substantial change in their accumulations probable, we cannot avoid the conclusion that these two sums were the joint product of their farm, town property and labor, and should, therefore, have been divided equally between their respective personal representatives.

The chancellor should have so adjudged; and in holding that these two sums belonged to the husband, he was in error.

Judgment reversed, with instructions to enter a judgment dividing the $550.00 and the $2,010.00 equally between the two estates.